UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Steven Eugene Daniels,

        Defendant.

Case No. 12-cr-221 (JNE/TNL)
ORDER

This matter is before the Court on Defendant's Motion for Compassionate Release from Custody under 18 U.S.C. § 3582(c)(1)(A)(i).[1] ECF No. 34. Defendant seeks to replace his remaining term of imprisonment with an equivalent term of supervised release. The Court denies the motion for the reasons stated below.

## BACKGROUND

In June of 2012, Defendant and his accomplice robbed a discount tobacco and grocery store. They forced the store's owner to the ground at gunpoint before stealing the money in the cash register and the owner's Apple iPad. Defendant and his accomplice then fled in a vehicle with Defendant at the wheel. When police officers located the vehicle and attempted to pull the vehicle over, Defendant sped off. Defendant accelerated to 100 miles per hour and almost lost control of the vehicle in a residential area. Eventually the vehicle came to a stop. Defendant's accomplice fled on foot. Defendant was arrested.

---

[1] Defendant originally filed his motion pro se but has since been appointed counsel. Counsel filed a memorandum in support of Defendant's motion for compassionate release. ECF No. 43.

1

On November 27, 2012, Defendant pleaded guilty to Interference with Commerce by Robbery. The Court sentenced Defendant to 160 months' imprisonment to be followed by three years' supervised release. Defendant has served roughly 80% of his imprisonment sentence and is scheduled for release on November 21, 2023.

Defendant now moves for compassionate release. Defendant argues that multiple risk factors place him at high risk of severe illness from COVID-19. Defendant is a fifty-four-year-old African American man with type 2 diabetes, hypertension, other heart conditions, and depressive disorder. Though Defendant has already had and recovered from COVID-19, he argues that the risk of reinfection justifies his release. Defendant further argues that the conditions of his imprisonment during the COVID-19 pandemic and his rehabilitative efforts throughout his imprisonment term justify his release.

Defendant is currently in the custody of the Bureau of Prisons ("BOP") at the Federal Transfer Center in Oklahoma City, Oklahoma ("FTC- Oklahoma City").[2] The BOP began distributing COVID-19 vaccines at FTC- Oklahoma City earlier this year. *See COVID-19*, Fed. BOP, https://www.bop.gov/coronavirus (last visited July 26, 2021). Three-hundred and sixty-one inmates and 136 staff members at FTC- Oklahoma City are now fully inoculated. *Id.* Defendant declined the COVID-19 Pfizer-BioNTech vaccine on December 30, 2020. Though FTC- Oklahoma City has experienced COVID-19 outbreaks in the past, no inmates are currently positive for COVID-19 at the facility. *Id.* One staff member at FTC- Oklahoma City is positive for the virus. *Id.*

---

[2] Because Defendant is currently in custody at a federal transfer center, the Court is cognizant of the fact that he may soon be transferred to another facility.

# DISCUSSION

A court "may not modify a term of imprisonment once it has been imposed" except pursuant to certain statutory exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release. *Id.* § 3582(c)(1)(A). The defendant has the burden of establishing he or she is eligible for compassionate release. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). A defendant may seek relief directly from the court after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant's motion is properly before the Court because the BOP denied Defendant's request for release on May 14, 2021.

After considering the applicable sentencing factors in 18 U.S.C. § 3553(a), a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission has published a policy statement defining what reasons are so "extraordinary and compelling" as to justify a defendant's release. U.S.S.G. § 1B1.13 cmt. n.1. These reasons include a medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, cmt. n.1(A)(ii).

At the time the policy statement was written, only the BOP could request compassionate release on a defendant's behalf. The Sentencing Commission has not

3

published a policy statement defining "extraordinary and compelling" reasons since Congress made compassionate release available on a motion by a defendant. *See id.* § 1B1.13; *United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020); *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020). Courts have disagreed over whether the current policy statement, § 1B1.13, and its application notes apply to compassionate release motions by defendants. *Rodd*, 966 F.3d at 745. Several courts of appeals have held that § 1B1.13 does not apply to compassionate release motions by defendants. *E.g., United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). The Eighth Circuit has not resolved the issue. *Loggins*, 966 F.3d at 892; *Rodd*, 966 F.3d at 747; *see also United States v. Gater*, No. 20-2158, 2021 U.S. App. LEXIS 15325, at *4 (8th Cir. May 24, 2021) (per curiam).

Here, Defendant has not shown "extraordinary and compelling" reasons justifying his release. First, even if Defendant's circumstances increased his risk of severe illness from COVID-19, Defendant's risk of infection is low. Defendant already had COVID-19. According to the Centers for Disease Control and Prevention ("CDC"), "[c]ases of reinfection with COVID-19 have been reported, but remain rare." *Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020). According to Defendant's own authority, he has at least 80.5% protection against reinfection. *See* Rosemary J. Boyton, *Risk of SARS-CoV-2 reinfection after natural infection*, The Lancet (Mar. 17, 2021), https://www.the

4

lancet.com /journals/lancet/article/PIIS0140-6736(21)00662-0/fulltext (last visited July 26, 2021) (noting that past infection confers 80.5% protection against reinfection in general, decreasing to 47.1% in people aged 65 years and older).

It is also significant that Defendant is seeking release on account of his fear of a disease for which he was offered a vaccine. Defendant points to no medical condition that would prevent him from being vaccinated; he simply refused the vaccine. "Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison." *United States v. McBride*, No. 5:19-CR-00007-1, 2021 WL 354129, at *3 (W.D.N.C. Feb 2, 2021).

Second, the conditions of imprisonment during the COVID-19 pandemic cannot warrant Defendant's release. Nearly all prisoners have experienced such conditions. Therefore, they do not constitute "extraordinary and compelling" reasons.

Finally, Defendant's rehabilitative efforts do not justify Defendant's release. Defendant points out that he has attended numerous academic and personal-development courses and has obtained his GED. The Court commends Defendant for these efforts, but they, like the conditions of imprisonment during COVID-19, are not sufficiently extraordinary or compelling.

Additionally, the general sentencing factors in 18 U.S.C. § 3553(a) weigh against Defendant's release. *See Rodd*, 966 F.3d at 747 (finding the § 3553(a) factors may be dispositive). Defendant endangered the life of the store owner and anyone who happened to be in the area during the instant offense. Defendant's current term of imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, and

provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). It is also noteworthy that the instant offense is not an outlier. Defendant's criminal history includes multiple felonies, almost all of which were violent. In one robbery, Defendant stole purses from five victims, including four elderly women. Defendant pushed two of those women to the ground. In a separate robbery, Defendant struck a victim with a metal object before stealing his wallet. The victim required medical staples for his injuries. Defendant's current term of imprisonment is necessary to afford "adequate deterrence" given Defendant's criminal history. *See id.* § 3553(a)(1), (a)(2)(B).

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion for Compassionate Release from Custody [ECF No. 34] is DENIED.

Dated: July 27, 2021

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge